# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STUART MINTZ, et al., : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 12-6719 |
| UPPER MOUNT BETHEL : | |
| TOWNSHIP, et al., : | |
| : | |
| Defendants. : | |

## MEMORANDUM

**STENGEL, J.**                                                                 November 26, 2013

Stuart and Paula Mintz (collectively, Plaintiffs) bring this action against North Bangor Fire Company, Upper Mount Bethel Township, and various individual officials. Plaintiffs seek damages and an injunction stemming from a July 10, 2010, motor vehicle accident in which Mr. Mintz sustained serious injuries. On June 20, 2013, I partially granted defendants' motions to dismiss the complaint, and I allowed plaintiffs leave to file an amended complaint to cure the factual defects. (doc. no. 22). Plaintiffs filed an amended complaint which includes a count for state created danger. (doc. no. 23). The fire company, Fire Chief Frederick Farleigh and Fire Company President Christopher Louszko now move to dismiss this one count. (doc. no. 25). I will deny defendants' motion.

## I.    Background

Mr. Mintz was a member of the North Bangor Fire Company in Upper Mount Bethel Township. Am. Compl. ¶ 10. On July 10, 2010, Mr. Mintz reported to the fire

hall to perform equipment maintenance.  Id. ¶ 20.  Mr. Romano, the assistant fire chief, was present and directing the activities of Mr. Mintz and other North Bangor firefighters.  Id. ¶ 21.  Mr. Romano, who was at the time only twenty years old, was also drinking alcohol.  Id. ¶¶ 22, 42.  Mr. Romano directed everyone prepare to for the Tatamy Fireman's Parade, which involved a parade of fire trucks and a celebration at the Tatamy Fire Hall, some thirteen miles from North Bangor Fire Company.  Id. ¶¶ 23, 29-30.  Mr. Romano determined which fire trucks were to be taken and who was going to drive them.  Id. ¶ 24.  Mr. Romano directed Mr. Mintz to travel with him in a tanker truck.  Id. ¶ 25.

Mr. Romano stopped to purchase beer on the way to the parade.  Id. ¶ 26.  Mr. Romano consumed alcohol while driving the tanker truck to and during the parade, and also at the post-parade celebration.  Id. ¶¶ 22, 26, 27, 40 and 41.  Following the celebration, Mr. Romano ordered Mr. Mintz and all other North Bangor firefighters present to return to North Bangor Fire Company in their assigned trucks.  Id. ¶ 45.  Mr. Mintz returned to the tanker truck driven by Mr. Romano.  Id. ¶ 46.  Mr. Romano lost control of the tanker truck roughly three miles from Tatamy Fire Hall while attempting to navigate a turn.  The tanker truck flipped on its side, coming to rest on the shoulder.  Id. ¶¶ 48-49.  Mr. Mintz suffered serious injuries in the crash.  Id. ¶ 51.

Plaintiff alleges that the fire company, including its officers Chief Farleigh and President Louscko, permitted firefighters to operate fire equipment during and after consuming alcohol.  Id. ¶ 15.  The defendants knew or should have known that Asst. Chief Romano had a history of heavy drinking and driving under the influence.  Id. ¶16-18.  Nonetheless, defendants elevated defendant Romano to the position of Assistant Fire

Chief, and assigned him to command the fire company's activities at the parade. Id. ¶ 19 -24. All defendants knew that alcohol would be consumed at the parade, and that Romano would operate the apparatus after consuming alcohol. Id. ¶ 38 and 39.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "[C]onclusory or 'bare-bones' allegations will no[t] . . . survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

My inquiry at the motion to dismiss stage is two-fold. First, I must separate the factual and legal elements of each claim. I "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler, 578 U.S. at 210-11. And second, I must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Count one of the amended complaint alleges substantive due process violations against defendant Zachary Romano pursuant to §1983. In the alternative, count four claims that defendant Romano was not a state actor and that the other defendants are liable under a theory of state created danger.[1] The Third Circuit has recognized the following elements for state created danger: "1.) the harm ultimately caused was foreseeable and fairly direct; 2.) the state actor acted in willful disregard for the safety of the plaintiff; 3.) there existed some relationship between the state and the plaintiff; 4.) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur." Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996). After accepting all the complaint's well-pleaded facts as true, plaintiffs have developed a plausible state created danger claim.

Contrary to defendants' contention, plaintiffs have alleged sufficient facts to establish the first element of a state created danger. The foreseeability prong requires a

---

[1] I recognize that I dismissed, without prejudice, count six of plaintiff's original complaint which pleaded a cause of action for state created danger. I did so on the basis that the state created danger doctrine does not afford an independent ground for relief when plaintiff alleges that a state actor violated his due process rights. In their amended complaint, plaintiffs again assert a claim against all defendants under the state created danger doctrine; however, plaintiffs now plead this claim in the alternative as expressly permitted by Federal Rule of Civil Procedure 8(d)(2).

Moving defendants argue that pleading state created danger in the alternative is disingenuous because plaintiffs continue to maintain that defendant Romano was acting under color of state law. While it is true that plaintiffs have not abandoned their claim that Mr. Romano was acting under color of state law, such a fact has not been conclusively established. Indeed, none of the answering defendants have admitted that Mr. Romano was acting under color of state law. If plaintiffs fail to establish that defendant Romano was acting under color of state law, then they may turn to their alternative claim of state created danger; however, they will not be permitted to recover under both theories. Therefore, I will allow plaintiffs to plead state created danger as an alternative claim.

plaintiff to show an "awareness on the part of the state actors that rises to [the] level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 238 (3d Cir. 2008). According to the amended complaint, the township officials and those in charge of the fire company knew that North Bangor firefighters operated fire equipment while intoxicated. Further, the complaint specifically claims that the defendants had knowledge of defendant Romano's history of alcohol abuse and that he would lead the fire company's activities at the parade where alcohol would be consumed. These allegations are more than enough to show that the defendant had notice that Romano would operate the tanker truck while intoxicated. The plaintiffs sustained injuries when defendant Romano lost control of the tanker truck, which certainly is a foreseeable result of drunk driving.

Plaintiffs have plausibly pleaded that defendants acted with willful disregard. Here, the parties agree that the standard is deliberate indifference. This standard requires proof that defendant "disregarded a known or obvious consequence of his action." Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011) (citations omitted). Plaintiff pleads that defendants were aware that firefighters were operating fire trucks while intoxicated for five years prior to the accident. Plaintiff further alleges that defendants condoned and did nothing to stop this extraordinarily dangerous activity. Obviously, a likely consequence of drunk driving is a serious motor vehicle accident causing injury. To ignore or fail to stop this practice would appear to be deliberate indifference. Plaintiffs have satisfied the second element.

Next, defendants misinterpret the requirements of the special relationship prong. In determining whether a special relationship exists, the "primary focus" is foreseeability. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 913 (3d Cir. 1997). This element exempts state actors from liability for actions which create a greater risk of harm for the general public rather than a discrete class or identifiable individual. Id. Defendants correctly highlight that the complaint alleges a greater risk of harm to the general public. However, Mr. Mintz was not merely a member of the general public. He was a member of the Fire Company, a discrete class of individuals at a foreseeable risk of harm by the defendants' failure to act. Further, he was ordered by a superior officer to ride in the vehicle driven by an intoxicated firefighter. These allegations easily establish a special relationship.

Finally, the plaintiffs plead several affirmative acts which are adequate to survive a motion to dismiss. "[L]iability under the state-created danger theory is predicated upon the states' affirmative acts which work to the plaintiffs' detriments in terms of exposure to danger…. It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." Bright v. Westmoreland Cnty., 443 F.3d 276, 282 (3d Cir. 2006) (citations omitted). Plaintiff alleges that defendants created a custom and policy permitting firefighters to operate fire trucks while intoxicated. Further, defendants made Romano assistant chief and placed him in charge of the Fire Company's activity at the parade. While the line between action and inaction is not always clear, Id., I am satisfied that these allegations plausibly state an affirmative act.

**IV****Conclusion**

Plaintiffs have plausibly pleaded sufficient facts to establish a claim of state created danger. Plaintiffs may prosecute this claim as an alternative theory of liability. Therefore, I will deny defendants' motion to dismiss.

An appropriate order follows.